**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY YARBROUGH,

     Petitioner - Appellant,

v.

CHARLES RAY, Warden,

     Respondent - Appellee.

No. 02-6125
D.C. No. CIV-01-1421-L
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

     Petitioner-Appellant Larry Yarbrough, a state inmate appearing pro se,

seeks an appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254, as

time-barred pursuant to 28 U.S.C. § 2244(d). To appeal, Mr. Yarbrough must be

granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A).

Because the district court's ruling was based upon procedural grounds, Mr.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Yarbrough must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Yarbrough was convicted in Oklahoma state court of trafficking in narcotics after former conviction of two or more felonies and was sentenced to life imprisonment without possibility of parole. Mr. Yarbrough's conviction was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on August 28, 1998. The first federal habeas petition was filed on May 11, 1999, and was dismissed by the district court on November 30, 1999, for failure to exhaust as to certain claims. An application for post-conviction relief to the Oklahoma state courts was denied by the OCCA on September 8, 2000. A pro se motion to amend the 1999 habeas petition and a "Motion to Resume Habeas Review" filed in federal district court on October 2, 2000, were denied with the advice that Mr. Yarbrough must file a new habeas petition. The most recent federal habeas petition was then filed with assistance of counsel on September 10, 2001. Adopting the recommendation of the magistrate judge, the district court dismissed the petition as time-barred under the one-year limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

Pursuant to AEDPA, a state prisoner generally has one year from the date his conviction becomes final to file a petition for a writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The AEDPA one-year limitation period is tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Yarbrough has the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Approximately 16 months–already four months longer than the one-year AEDPA limitation–elapsed between the date Mr. Yarbrough's conviction became final (November 26, 1998, 90 days after the OCCA affirmed his conviction) and his filing for post-conviction relief in Oklahoma state court (March 31, 2000). The time between filing of Mr. Yarbrough's first federal habeas petition and its dismissal without prejudice (November 30, 1999) does not toll the AEDPA limitation under the rule of Duncan v. Walker, 533 U.S. 167, 181-82 (2001)

(holding "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and that therefore the section does "not toll the limitation period during the pendency of [a petitioner's] first federal habeas petition.").

Nonetheless, Mr. Yarbrough argues, in part, that "'equitable tolling' should be allowed in individual cases where the effects" of the rule in <u>Duncan</u> are "particularly unfair." Aplt. Supp. Br. at 8. It is true that <u>Duncan</u>, while clarifying that a federal petition is not tolled under § 2244(d)(2), did not address the availability of equitable tolling under appropriate circumstances. <u>See</u> <u>Duncan</u>, 533 U.S. at 183 (Stevens, J., concurring) ("[N]either the Court's narrow holding [in <u>Duncan</u>], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity."). We agree with the district court that the lack of diligence in this case, notwithstanding Mr. Yarbrough's other arguments, precludes equitable tolling. <u>See</u> <u>Miller</u>, 141 F.3d at 978. "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

Mr. Yarbrough also argues that the 2001 petition should relate back to or amend the prior habeas petition. Aplt. Br. at 7. We have already considered and rejected just such an argument. <u>See</u> <u>Marsh</u>, 223 F.3d at 1220 ("[A] habeas

petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition."). The 1999 petition was dismissed for failure to exhaust, and this subsequent habeas petition may not be viewed as part of the 1999 petition. Given that this petition was not filed until September 2001, the petition is time-barred.

Accordingly, we GRANT Mr. Yarborough's motion to file a supplemental brief, DENY a COA, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge